**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTONIO BONNER,** | **CASE NO. 1:19 CV 1951** |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| v. | |
| | **OPINION AND ORDER** |
| **(ODJFS) TITLE IV-D LAKE COUNTY CHILD SUPPORT ENFORCEMENT AGENCY,** *et al.*, | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Antonio Bonner filed this action under 42 U.S.C. § 1983 against the Ohio Department of Jobs and Family Services ("ODJFS") Title IV-D Lake County Child Support Enforcement Agency and the ODJFS Title IV-D Athens County Child Support Enforcement Agency. In the Complaint, Plaintiff contests the collection of child support as a denial of due process and his right against self incrimination. He seeks termination of the Athens County Juvenile Court's Child Support Order, reinstatement of his driving privileges, and monetary damages.

## I. BACKGROUND

Plaintiff's Complaint contains few factual allegations. It appears from the pleading and its attachments that Plaintiff was determined by genetic testing to be the father a child. The child's mother lives in Athens County, Ohio. He resides in Lake County, Ohio. The Athens

County Juvenile Court issued a child support Order in 2004 requiring him to pay child support as well as medical expenses associated with the child's birth and the cost of the genetic testing. It appears he did not comply with the terms of that Order and accumulated a child support arrearage. Plaintiff states he was arrested, and his driver's license was suspended.

He contests that collection of child support through the Title IV-D program. He contends that the Administrative Procedures Act, 5 U.S.C. §§ 556D, 557 and 706 state that if an individual is denied due process "all jurisdiction ceases automatically." (Doc. No. 1 at 3). He concludes that child support denies due process but does not explain how he came to that conclusion. He indicates that states are not required to have IV-D Child Support Enforcement Agencies but if they do, they can receive federal funds to administer the IV-D programs. He claims, again without explanation, that this makes the County Child Support Enforcement Agencies private businesses, and not government entities. He then states Title IV-D is not law and never enacted to positive law and is not binding. He concludes that when the Child Support Enforcement Agency is issuing arrest warrants and seeking suspension of a person's driver's license, they are not acting under color of state law.

## II. LAW AND ANALYSIS

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), the Court is permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*,

183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the Court lacks subject matter jurisdiction over the matter.  *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

In this case, the Court lacks subject matter jurisdiction to grant the relief Plaintiff requests.  Plaintiff seeks to be relieved from his child support order, the contempt orders, and any criminal proceedings that resulted from non-payment.  United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  *Id.*  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights.  *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1]  *See District of Columbia Court of Appeals v. Feldman*, 460

---

[1] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a

-3-

U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal Complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299;

---

> statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

*Kovacic*, 606 F.3d at 310. If the source of the Plaintiff's injury is the state court judgment itself, then the Rooker-Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the Court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09-3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

In this case, Plaintiff asks this Court to dismiss an Order of the Athens County Juvenile Court, and relieve him of the consequences of not complying with that Order. This Court lacks subject matter jurisdiction to grant that relief.

### **III. CONCLUSION**

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

    s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATE: 12/10/19

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.